UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY PAUL AMBEAU,

                Plaintiff,

v.                                                          Case No. 20-cv-44-pp

BEAU GERARD LIEGEOIS,
THOMAS J. WALSH, and
ANDREW P. MONGIN,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

Timothy Paul Ambeau, an inmate at the Brown County Jail who is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his rights under fewiederal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time through deductions from his prisoner account. Id.

1

On January 13, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $12.60. Dkt. No. 5. The court received the fee on January 21, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.  Screening the Complaint**

  A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff sues former Brown County Assistant District Attorney (ADA) Beau Liegeois,[1] Brown County Circuit Court Judge Thomas J. Walsh and Attorney Andrew Mongin. Dkt. No. 1 at 1, 3. The plaintiff alleges that ADA Liegeois, "while under investigation in civil case #: 2:18-cv-01209-PP, he along with Judge Thomas J. Walsh and my lawyer at the time Andrew P. Mongrin, knowingly conspired to deprive of a fair and impartial trial." Id. at 2.

The plaintiff states that "[t]his happened in Cases No. 2018CF000396 and Case No. 2017CF001728" and that he enclosed the judgments of conviction for those cases. Id. at 4. The plaintiff says that he also enclosed

---

[1] Liegeois is now a Brown County circuit court judge.

3

"copy of the amended civil case #: 2:18-cv-01209-pp, the motion for leave to file an amended complaint on October 23, 2019."[2] Id. The plaintiff states that the actions of these individuals in court shows the lack of care for a citizen's rights under color of law. Id. He says that the documents show the defendants conspired to violate his constitutional rights under federal criminal statutes, 18 U.S.C. §§241 and 242, as well as 42 U.S.C. §1983. Id. at 4-5. The plaintiff states that, because of these individuals, he was subjected to physical, verbal, emotional, financial, spiritual, mental and psychological abuse. Id.

For relief, the plaintiff seeks immediate release from the Brown County Jail, $75,000 from each defendant and $1,000 for each day he sat in jail on his Brown County cases. Id. at 7. He also wants the defendants removed from their positions and charged in a court of law for their actions. Id.

C.   Analysis

The plaintiff claims that the defendants deprived him of a fair trial in his Brown County criminal cases. He seeks immediate release from jail as well as monetary damages for his illegal confinement and for the alleged abuse he suffered while confined.

Judge Walsh has absolute immunity for his actions during the plaintiff's criminal cases. See Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) (citations omitted) (judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction). Absolute prosecutorial immunity

---

[2] The court has not received, in this case, copies of any documents from Case No. 18-cv-1209.

4

shields ADA Liegeois from §1983 liability when for actions he took while performing his duties in the judicial process. See id. (citing Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976)). Attorney Mongin, as the plaintiff's criminal defense attorney, cannot be sued under §1983 because he did not act under the color of state law; he was the adversary of the State. Polk County v. Dodson, 454 U.S. 312, 318, 325 (1981); see Swift v. Swift, 556 F. App'x 509, 510-11 (7th Cir. 2014); West v. Atkins, 487 U.S. 42, 50 (1988). Even attorneys who are appointed by the State Public Defender do not act under the color of state law. Polk, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Even if the plaintiff could sue these defendants under §1983, the court must ask whether, if it were to rule in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, then this court must dismiss the plaintiff's §1983 complaint. That is because §1983 allows people to sue for certain, specific kinds of personal injuries—"torts." Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485. Moreover, the plaintiff seeks immediate release from jail and to the extent he challenges the "validity of [his] confinement," he must do so by filing a petition for a writ of *habeas corpus* under 28 U.S.C.

5

§2254, not a civil lawsuit under §1983. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).[3]

Finally, the court notes that the plaintiff references another case he filed in the Eastern District of Wisconsin in which ADA Liegeois was a defendant, Ambeau v. Knetzger, *et al.*, Case No. 18-cv-1209-pp. On November 2, 2018, Magistrate Judge Nancy Joseph screened the complaint in that case and directed the plaintiff to file an amended pleading curing the defects in the original complaint by November 30, 2018. Dkt. No. 12. The plaintiff did not file an amended complaint by the deadline, so on December 13, 2018, this court dismissed the case for failure to prosecute. Dkt. No. 14. Over ten months later, on October 23, 2019, the plaintiff filed a motion for leave to file amended complaint. Dkt. No. 18. He did not file a proposed amended complaint along with his motion. On January 28, 2020, the court denied the plaintiff's motion to amend the complaint because he had not explained why he failed to file an amended complaint by the deadline set by court or why it had taken him ten months since his case was dismissed to determine what claims he wanted to raise. Dkt. No. 21 at 2. The court also determined that it would be futile for the court to allow the plaintiff to amend the complaint in a closed, dismissed case. Id.

---

[3] The court advises the plaintiff that under Glaus v. Anderson, 408 F.3d 382, 389-90 (7th Cir. 2005), (1) it is not making a decision on the ultimate merit of any case the plaintiff chooses to file and (2) he may refile immediately under the proper legal label and/or in the proper court, subject to the normal rules such as those prohibiting frivolous lawsuits.

6

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED without prejudice**.

The court will mail the plaintiff a *pro se* guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $330.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**